IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARC PATNEAUDE,

                Plaintiff,

v.                                                                                                ORDER

CAROLYN W. COLVIN,                                                              16-cv-150-jdp
   Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Marc Patneaude seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding him not disabled under the Social Security Act. On October 11, 2016, the court heard oral argument in this case. For reasons explained during the hearing and summarized here, the court will affirm the ALJ's decision.

Patneaude applied for disability insurance benefits alleging that he suffers from an irregular heartbeat, shortness of breath, anxiety, depression, cataracts, hip pain, shoulder pain, and osteoarthritis. Patneaude points to no medical evidence in support of these ailments except the last one, osteoarthritis, and the sole medical evidence came from the government's consultative examiner, Vismay Brahmbhatt, M.D. Dr. Brahmbhatt opined that Patneaude's ability to perform work-related activities was as follows:

> Sitting—30-60 minutes at a time, standing—1-2 hours, walking—1 block, lifting—20 lbs, carrying—20 l[]bs, handling objects—normal, seeing—normal, hearing—normal, speaking—normal, traveling—limited due to above concerns.

R. 258. Dr. Brahmbhatt had three sources of information on which he based his opinion: (1) physical examination of Patneaude; (2) X-rays of Patneaude's knee; and (3) Patneaude's

descriptions of his own symptoms. The physical examination section reported no abnormalities. The X-rays, according to Dr. Brahmbhatt, showed "[m]ild degenerative change of the medical compartment of the knee." R. 260. But Patneaude described his own symptoms as severe.

The parties present only one issue for this appeal: whether the ALJ gave the proper weight to Dr. Brahmbhatt's opinion. The ALJ gave Dr. Brahmbhatt's opinion little weight, explaining that Dr. Brahmbhatt's opinion was inconsistent with his own medical evidence. The ALJ noted that neither the physical examination nor the X-rays supported Dr. Brahmbhatt's opinion. The ALJ then concluded that Dr. Brahmbhatt must have relied on Patneaude's subjective descriptions of his own symptoms. The ALJ then assessed Patneaude's credibility and determined that Patneaude's statements were not credible. Thus, because the evidence cited in Dr. Brahmbhatt's report—the physical examination, X-rays, and Patneaude's statements—did not support the physician's opinion, the ALJ ultimately gave little weight to it. The ALJ did not err.

As the Seventh Circuit has explained, "an ALJ is not required to credit the agency's examining physician in the face of a contrary opinion from a later reviewer or other compelling evidence. Not even the claimant's treating physician, who presumably is the expert most familiar with the claimant's condition, is given such complete deference." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014) (citations omitted). An ALJ may discount a physician's opinion if it is "internally inconsistent or inconsistent with other evidence." *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995); *accord Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) ("if the treating physician's opinion is . . . internally inconsistent . . . the ALJ may discount it."). Likewise, an ALJ may discount a medical opinion

2

that is based solely on the claimant's subjective complaints. *Ghiselli v. Colvin*, No. 14-2380, 2016 WL 4939535, at *3 (7th Cir. Sept. 16, 2016) ("A treating doctor's opinion may be properly discounted, however, if it is based upon the claimant's subjective complaints rather than objective medical evidence.").

Here, the ALJ did not err by giving only little weight to Dr. Brahmbhatt's opinion because it was inconsistent with the objective medical evidence and Dr. Brahmbhatt based his opinion on Patneaude's subjective complaints. Patneaude contends that the ALJ failed to explain the basis for his belief that Dr. Brahmbhatt based his opinion on Patneaude's subjective complaints. Dkt. 10, at 6. Dr. Brahmbhatt's report cites only three categories of evidence, and it is obvious that he relied on Patneaude's subjective complaints.

Patneaude also contends that the ALJ failed to consider Dr. Brahmbhatt's status as an independent, consultative examiner who actually examined Patneaude. Dkt. 10, at 6-9. But an ALJ need not credit the examining physician's opinion when it conflicted with his own objective medical evidence. Patneaude does not dispute that Dr. Brahmbhatt's physical examination did not support his opinion. Patneaude instead contends that Dr. Brahmbhatt's notes regarding the X-rays support the opinion because those notes stated that Patneaude had some "mild degenerative change of the medical compartment of the knees," which, according to Patneaude, meant that he could stand for only one or two hours a day. R. 260. To support this argument, Patneaude cites an online article published by Healthline Media. Dkt. 12, at 4-7 (citing KIMBERLY HOLLAND, STAGES OF OSTEOARTHRITIS OF THE KNEE, http://www.healthline.com/health/osteoarthritis-stages-of-oa-of-the-knee#4 (last visited Oct. 11, 2016)). Essentially copying and pasting the entire article, Patneaude contends that mild osteoarthritis meant Patneaude's condition would worsen with activity over the course of the

day. "Such a finding," Patneaude argues, "is consistent with Dr. Brahmbhatt's standing limitations." *Id.* at 7.

Patneaude's argument is problematic in three ways. First, Patneaude presents his supporting evidence for the first time in his reply brief, so the court may not consider it. *See Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997); *Indiana ex rel. Naylor v. Ind. State Teachers Ass'n*, 950 F. Supp. 2d 993, 1006 (S.D. Ind. 2013) ("Well-settled Seventh Circuit law holds that new evidence submitted in support of a reply brief should not be considered at summary judgment unless the non-movant has an opportunity to respond."). Second, even if the court were to consider it, the newly presented evidence does not support Patneaude's position; nowhere does the article state that mild osteoarthritis would limit a person's ability to stand. Third, unlike the physical examination, which is the reason why an examining physician's opinion is given more weight than non-examining physicians' opinions, Dr. Brahmbhatt's notes regarding the X-rays were available to two non-examining physicians. And those physicians concluded that the objective medical evidence—here, the X-rays—did not support the proposition that Patneaude could not stand for more than a few hours. *See* R. 77 (Mina Khorshidi, M.D.); R. 85 (Janis Byrd, M.D.).

The ALJ likewise did not err in discounting Patneaude's subjective complaints based on Patneaude's credibility. The court "will only overturn the ALJ's credibility determination if it is patently wrong, which means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014), *as amended* (Aug. 20, 2014), *reh'g denied* (Oct. 10, 2014). The court affords the ALJ's credibility determination deference because the ALJ is in the unique position to hear, see, and assess witnesses. *Id.* at 815 (citing *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012)). But the credibility analysis must "be specific

enough to enable the claimant and a reviewing body to understand the reasoning." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008).

Here, the ALJ's assessment of Patneaude's credibility was not patently wrong. In assessing Patneaude's credibility, the ALJ noted, among other things, Patneaude's statement that he had received no medical care after 2002 despite his allegedly severe symptoms. According to Patneaude, his symptoms were so severe and so debilitating that he could not sleep at night. But he sought no medical care for his condition from 2002 until the ALJ's decision in 2014—over *twelve* years. Patneaude's only explanation was that he lacked the financial means to see a doctor, but Patneaude freely admitted that he could afford to purchase a pack of cigarettes every day for the last 20 years. R. 254. And when the ALJ asked whether Patneaude had tried to obtain medical care under the Affordable Care Act, Patneaude responded that he simply had not done it. R. 54. The ALJ also asked whether Patneaude had health insurance through his wife, who had a job, but Patneaude responded that she was trying to get Patneaude insurance through her, without denying that her insurance was available to him. R. 55. Based on these statements by Patneaude, the court cannot conclude that ALJ's assessment of Patneaude's credibility was patently wrong.

ORDER

IT IS ORDERED that:

1. The decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Marc Patneaude's applications for disability benefits is AFFIRMED.

2. Plaintiff's appeal is DISMISSED.

3. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered October 20, 2016.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge